# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11285
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO SUASTE BALDERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-217-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Pablo Suaste Balderas pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and he was sentenced to 63 months in prison, to be followed by a three-year supervised release term. Suaste Balderas correctly concedes that the second argument he raises on appeal – that his sentence violates due process because it exceeded the statutory maximum charged in the indictment – is foreclosed by *Almendarez-Torres v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11285

*States*, 523 U.S. 224, 226-27 (1998).  He raises the issue, however, to preserve it for further review.

In addition, Suaste Balderas contends that the district court plainly erred by stating in the judgment that his conviction was punishable under § 1326(b)(2), rather than § 1326(b)(1), because his prior Texas conviction for manufacture/delivery of a controlled substance was not an aggravated felony for purposes of § 1326(b)(2), and he requests modification of the judgment accordingly.  To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks, brackets, and citations omitted).

As Suaste Balderas correctly notes, his Texas conviction does not qualify as an aggravated felony because the statute prohibiting manufacture and delivery of a controlled substance is indivisible and includes mere offers to sell.  *See United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016); *United States v. Ibarra-Luna*, 628 F.3d 712, 715-16 (5th Cir. 2010).  Accordingly, the designation in the written judgment indicating that Suaste Balderas was convicted and sentenced under § 1326(b)(2) was erroneous.  *See United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018).  We therefore MODIFY the district court's judgment to reflect that Suaste Balderas was sentenced under § 1326(b)(1), and we AFFIRM the judgment AS MODIFIED.